UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KAY V. MYLES and VANESSA PRUITT GHORAM, INDIVIDUALLY AND ON BEHALF OF OTHER SIMILARLY SITUATED PERSON, | * CIVIL ACTION NO. 3:07-cv-00698-JJB-CN |
| Plaintiff, | |
| VERSUS | * JUDGE BRADY |
| WELLS FARGO BANK, N.A. | |
| Defendant. | * MAGISTRATE NOLAND |

## MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR ORDER IMPLEMENTING LOCAL RULE 83.4.1

**NOW INTO COURT**, through undersigned counsel, comes defendant, Wells Fargo Bank, N.A., and respectfully requests that this Honorable Court enter an order herein implementing Local Rule 83.4.1 and in support thereof, on the following grounds:

Rule 83.4.1 of the Uniform Local Rules of the United States District Courts for the Eastern, Middle and Western Districts of Louisiana (the "Local Rules") provides, in pertinent part, as follows:

> Under the authority of *28 USC 157* the district court refers to the bankruptcy judges of this district all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11.

Local Rule 83.4.1 was enacted by the district courts in Louisiana in response to the authority granted them by Congress in 28 U.S.C. § 157(a), which provides as follows:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

The instant matter is a proceeding under title 11, or a proceeding arising in a case under title 11, as contemplated both by 28 U.S.C. § 157(a) and Local Rule 83.4.1. It is, therefore, a "core" proceeding which the Bankruptcy Court may and should hear and determine. 28 U.S.C. § 157(b)(1); *Matter of Wood,* 825 F.2d 90, 96-97 (5th Cir. 1987); *Matter of U.S. Brass,* 301 F.3d 296, 306 (5th Cir. 2002).

In particular, the Second, Third and Fourth Claims for Relief are based on alleged violations of 11 U.S.C. §§ 362, 1325 and 727, respectively. The First and Fifth Claims for Relief are based on alleged violations of orders entered by the United States Bankruptcy Court for the Middle District of Louisiana. Each of these claims could arise only under and/or only in and as a result of cases under title 11 of the United States Code.

Local Rule 83.4.1 is designed to be self-implementing. That is, all cases under title 11 and all proceedings that arise under title 11, or that arise in or are related to cases under title 11, in this district are supposed to be either filed in the first instance with the Clerk of the Bankruptcy Court or transferred by the Clerk of this Court to the Clerk of the Bankruptcy Court.

Occasionally, as is the case here, proceedings that are filed initially with this Court, but that are subject to the referral of Local Rule 83.4.1, are not referred automatically to the Bankruptcy Court, is required by that rule.

Defendant, therefore, respectfully requests that this Honorable Court enter an order herein referring this proceeding to the Bankruptcy Court, as required by Local Rule 83.4.1.

Respectfully submitted this 7th day of November, 2007.

                                                     s/Michael D. Ferachi
                                                     Michael D. Ferachi (La. Bar No. 19566)
                                                     Jonathan G. Wilbourn (La. Bar No. 27683)
                                                     McGLINCHEY STAFFORD, PLLC
                                                     Fourteenth Floor, One American Place
                                                     Baton Rouge, Louisiana 70825

Telephone: (225) 383-9000
Facsimile: (225) 343-3076
mferachi@mcglinchey.com
jwilbourn@mcglinchey.com

- and -

Anthony J. Rollo (La. Bar No. 1133)
Rudy J. Cerone (La. Bar No. 14137)
McGLINCHEY STAFFORD, PLLC
643 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
arollo@mcglinchey.com
rcerone@mcglinchey.com

ATTORNEYS FOR WELLS FARGO BANK, N.A.

281386.1